(164 App. Div. 867)

### In re EAGLE SAVINGS & LOAN CO.

(Supreme Court, Appellate Division, Second Department. December 11, 1914.)

BANKS AND BANKING (§ 309*)—SAVINGS AND LOAN ASSOCIATION—REDUCTION OF LIABILITY TO MEMBERS—ORDER.

Under Banking Law (Consol. Laws, c. 2; Laws 1914, c. 369) § 404, providing that whenever the losses of any savings and loan association exceed its guaranty fund and undivided profits, so that the estimated value of its assets is less than its total liability to its members, the Supreme Court on its petition, approved by the superintendent of banks, may order a reduction of its liability to its members, the court, upon such a petition, rather than ordering an immediate winding up of its affairs, and in view of the fact that the order, if ultrajudicial would not affect the rights of any members, will, without passing on its power therein, make an experimental order for the reduction of its liability to its members, so as to distribute the loss equitably among them.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 1201–1214; Dec. Dig. § 309.*]

Putnam, J., dissenting.

Application by the Eagle Savings & Loan Company for an order reducing its liability to its members. Granted.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and PUTNAM, JJ.

Almet Reed Latson, for petitioner.

PER CURIAM. Upon the petition of this association, approved by the superintendent of banks and pursuant to the provisions of section 404 of the Banking Law, we have ordered a reduction of the liability of the said association to its members, so as to distribute the loss eq-

uitably among them. While it is not entirely clear that this statute properly devolves such power upon the court, we feel that we should not pass upon that question upon an ex parte application. Not only has the superintendent of banks formally approved of this petition, as required by the statute, but in attendance upon us he states that it is his best judgment that this is a wise measure, because the alternative is immediate winding up of the association by the department of banks, which would entail great loss to those interested in the association.

The order is experimental. If it is ultrajudicial, no rights of any of the members are affected. In any event, it is made without prejudice to any present right of action which any member has against the officers or directors of the association for misfeasance or malfeasance in office. The superintendent of banks has given to the court his assurance that he will subject the association to frequent visits, which will involve almost constant scrutiny into the future conduct of the association.

PUTNAM, J. (dissenting). By section 278 of the former Savings Bank Law (chapter 409, Laws of 1882), in certain cases of misconduct or impairment of assets, the Attorney General could institute judicial proceedings in which the court, having become regularly possessed of the cause, could look into and pass upon a measure scaling down depositors' claims. People v. Ulster Co. Savings Institution, 64 Hun, 434, 18 N. Y. Supp. 960. The court could then act judicially, and its orders were effective as against the depositors. But the present amended Banking Law (chapter 369, Laws of 1914) simply provides (by section 404) for an order made ex parte on the directors' petition, approved by the superintendent of banks, which on its face cuts down a deposit without a hearing, and thus affects rights which the court has no means adequately to look into. An order so made, which indorses and confirms the vote of the directors, can only be administrative even if bearing the signature of a judge.

Hence I dissent, on the ground that this amendment, which calls for a court order, but without court proceedings, attempts to put on the court nonjudicial functions, and is therefore unconstitutional.